NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3617
_____


CARPENTERTOWN COAL AND COKE CO INC;
BIRMINGHAM FIRE INSURANCE/AIG,
Petitioners

v.

DIRECTOR OFFICE OF WORKERS COMPENSATION PROGRAMS
UNITED STATES DEPARTMENT OF LABOR;
ANTHONY S. DEPETRO,
Respondents

_____

On Petition for Review of a
Decision of the Benefits Review Board
No. BRB-1 : 20-0055 BLA
_____


Submitted under Third Circuit L.A.R. 34.1(a)
December 15, 2022

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*


(Filed: January 3, 2023)

_____

OPINION[*]
_____

SMITH, *Circuit Judge*.

An Administrative Law Judge awarded black lung benefits to Anthony S. DePetro. His former employer, Carpentertown Coal and Coke Co., and its insurer, Birmingham Fire Insurance (collectively Carpentertown), unsuccessfully appealed to the Benefits Review Board. This timely petition for review followed.[1] We will grant the petition.[2]

## I.

Under the Federal Black Lung Act, a "rebuttable presumption" arises that a miner is totally disabled due to pneumoconiosis if the miner has at least 15 years of underground coal mine employment and has demonstrated that he has a totally disabling respiratory or pulmonary impairment. 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b), (c). The miner's employer may rebut the presumption by establishing: 1) that the miner has neither "legal" nor "clinical" pneumoconiosis, *or* 2) that "no

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Jurisdiction exists under 33 U.S.C. § 921(c) as incorporated by 30 U.S.C. § 932(a).
[2] Carpentertown seeks leave to supplement the record to provide medical evidence referenced by the parties and the Agency. We will grant that request.

2

part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis." 20 C.F.R. § 718.305(d)(1). In determining whether a miner has pneumoconiosis, the Administrative Law Judge (ALJ) must consider both the miner's chest x-rays (CXRs) and physician opinions. 20 C.F.R. § 718.202(a)(1), (4). The physician opinions should be "based on objective medical evidence such as blood gas studies, . . . pulmonary function tests [(PFTs)], physical performance tests, physical examinations, and medical and work histories. *Id.* Benefits may not be denied "solely on the basis of a negative [CXR]." *Id.* § 718.202(b).

DePetro had more than 15 years of underground coal mine employment. Based on DePetro's employment history and the medical evidence of record, the ALJ concluded that the rebuttable presumption applied. **A22.** The ALJ determined that Carpentertown established that DePetro did not have "clinical" pneumoconiosis.[3] Although the ALJ acknowledged that none of the three evaluating physicians—Drs. Zlupko, Saludes, and Basheda—had diagnosed "legal" pneumoconiosis, the ALJ determined their medical opinions were "not well-documented or well-reasoned and they are not entitled to weight." A35. In the ALJ's view, Drs. Saludes and Basheda "erred in assuming that negative [CXRs] meant [that DePetro did] not have legal pneumoconiosis." A35. As a result, the

---

[3] *See* 20 C.F.R. § 718.201(a)(1).

ALJ concluded that Carpentertown failed to rebut the presumption that DePetro had "legal" pneumoconiosis.[4] **A34-35.**

Alternatively, the employer may rebut the presumption by ruling out any connection between the miner's totally disabling pulmonary impairment and pneumoconiosis. *W. Va. CWP Fund v. Bender*, 782 F.3d 129, 144 (4th Cir. 2015); 20 C.F.R. § 718.305(d)(1)(ii). Here too, the ALJ determined that Carpentertown fell short.

Although Carpentertown challenged the ALJ's award of benefits, the Benefits Review Board refused to disturb the ALJ's decision. Carpentertown petitioned for review, contending that it sufficiently rebutted the presumption that DePetro had legal pneumoconiosis. Carpentertown asserts that the ALJ misrepresented the evidence and erred by failing to accord any weight to the medical opinions of Drs. Saludes and Basheda that DePetro did not have legal pneumoconiosis.

## II.

We "must independently review the record and decide whether the ALJ's findings are supported by substantial evidence." *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986) (internal quotation marks and citation omitted). An ALJ may weigh the medical evidence and draw his own inferences, but an ALJ may not substitute "his own judgment for that of a physician; an ALJ is not free to

---

[4] *See* 20 C.F.R. § 718.201(a)(2).

4

set his own expertise against that of a physician who presents competent evidence." *Id.* (quoting *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985)). In reviewing the ALJ's factfinding, consideration should be given to whether the medical opinion is contrary to or supported by objective clinical evidence. *See id.*

The ALJ discounted Dr. Saludes's and Dr. Basheda's opinions, asserting that they assumed DePetro's negative CXRs meant that he did not have legal pneumoconiosis. A review of Drs. Saludes's and Basheda's medical opinions, however, reveals that their opinions are based on more than just a negative CXR and an assumption.

Dr. Saludes documented the results of his physical examination of DePetro, noting his obesity and the absence of any crackles or expiratory wheezes. **A71.** Dr. Saludes explained the results of DePetro's PFTs and how the pulmonary restriction detected on the PFTs might be indicative of pneumoconiosis if there was parenchymal involvement on the CXR, but that the CXR was negative for parenchymal abnormalities "consistent with pneumoconiosis." A72. Dr. Saludes further supported his opinion that DePetro did not have legal pneumoconiosis by referencing DePetro's arterial blood gas (ABG) studies before and after exercise, both of which failed to show either hypoxemia or hypercapnia. **A71, 73.** In short, Dr. Saludes formed his opinion based on a number of factors and not simply a negative CXR.

But even if Dr. Saludes's opinion was deficient, Dr. Basheda's opinion, contrary to the ALJ's finding, was fulsome. Dr. Basheda, a certified B-reader for CXRs and a board-certified internist with a subspecialty in pulmonary diseases and critical care, **A27,** personally examined DePetro. **A111**. Dr. Basheda reviewed the medical records and rendered his opinion to "a reasonable degree of medical certainty." A111. He explicitly stated that "abnormal pulmonary processes can occur in the setting of a normal [CXR]." A119. Thus, contrary to the ALJ's assertion, Dr. Basheda did not assume that the negative CXR indicated an absence of legal pneumoconiosis.

Instead, Dr. Basheda carefully set out the results of his examination and evaluation of DePetro. He explained the results and meaning of DePetro's PFTs and that he believed that the mild restriction that was detected was non-pulmonary in nature based on DePetro's CXR. As support for his opinion, Dr. Basheda explained the non-pulmonary restriction was consistent with DePetro "being overweight," which "reduce[d] his FEV1 and FVC values." A119. Dr. Basheda acknowledged that there was a clinically insignificant diffusion impairment, explaining that if the diffusion impairment was significant there would be "exercised-induced hypoxemia." A119. As support for the lack of hypoxemia, Dr. Basheda noted that DePetro's ABGs were "normal" with PaO2 levels of 93 and 95.4%, A114, 120, and

6

that pulse oximetry studies were negative for exercise-induced oxygen desaturation with readings before and after walking of 98% and 96% respectively. **A113, 120.**

Dr. Basheda's opinion continued, discussing the pulmonary impairment and its classification under AMA Guides. He addressed the PFT results and stated that the reductions "are related to [DePetro's] weight of 245 pounds." A119. He declared that the "reduced FEV1 and FVC are not related to any underlying pulmonary disease." A119. Thus, the ALJ erred by concluding that Dr. Basheda *assumed* that the negative CXR result alone meant there was no legal pneumoconiosis.

An ALJ is free to discount a medical opinion that is "contrary to objective clinical evidence without explanation." *Kertesz*, 788 F.2d at 163; *see also Lango v. Director, OWCP*, 104 F.3d 573, 578 (3d Cir. 1997) (acknowledging that an ALJ is free to disregard a "medical opinion that does not adequately explain the basis for its conclusion"). Here, however, the ALJ rejected Dr. Basheda's opinion even though there was no conflicting medical opinion and even though it was consistent with the medical evidence that supported the opinions of both Dr. Basheda and Dr. Saludes.

We conclude that the ALJ erred by discounting Dr. Basheda's medical opinion that DePetro did not have legal pneumoconiosis. As a consequence, we conclude that substantial evidence does not support the ALJ's finding that

7

Carpentertown did not rebut the presumption that DePetro had legal pneumoconiosis.[5]

Accordingly, we will grant Carpentertown's petition for review and remand for further proceedings consistent with this opinion.

---

[5] Having concluded that the ALJ's determination that Carpentertown did not rebut the presumption that DePetro had legal pneumoconiosis is not supported by substantial evidence, we need not address the ALJ's determination that Carpentertown did not rebut the causation presumption. *See W. Va. CWP Fund*, 782 F.3d at 141 (noting that the "rule-out standard applies only when . . . the operator cannot satisfy the first method of rebuttal . . . namely, disproving the presence of pneumoconiosis").